## In re Dollar Title and Trust Company.  No. 4

*Brockway & Whitla*, for exceptant;  *Thomas H. Armstrong*, for respondent.

McLAUGHRY, P. J., March 31, 1932.—The Johnson-Sizer Company filed exception to the first partial account of William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, in possession of the Dollar Title and Trust Company, of Sharon. The exception is as follows:

"The secretary of banking has listed under the heading of General Claims allowed by him the claim of your objectors in the sum of $2102. Objection is made to the listing of this claim and allowance of it as a general claim, for the reason that same should be listed and allowed as a secured and preferred claim out of the assets of the office building owned by said Dollar Title and Trust Company."

The Act of May 8, 1907, P. L. 192, as amended by the Act of May 23, 1913, P. L. 354, provides that distribution shall be made of the assets of a trust company (1) to the depositors; (2) to general claimants; and (3) to stockholders. Under this classification, where should this claimant be placed?

From the testimony taken before the court, it appears that, on September 16, 1930, the Johnson-Sizer Company entered into an agreement with the Dollar Title and Trust Company whereby the Johnson-Sizer Company was to install in the building owned and occupied by the Dollar Title and Trust Company, in the City of Sharon, one Van Kannel revolving door. The contract between the Johnson-Sizer Company and the Dollar Title and Trust Company has the following paragraph:

"In consideration of the performance of the work as included in this contract, the party of the second part does hereby agree to pay the party of the first part the sum of $2100 in current funds, payment to be made in full immediately upon completion of work."

Carrying out this contract, the Johnson-Sizer Company proceeded to install this revolving door by taking out the old door and installing a new partition or entrance-way. On November 12, 1930, after the door had been installed, the secretary of banking took charge of the Dollar Title and Trust Company.

It is apparent from the testimony taken that although the door was installed on that date, there still remained some painting to be done before the contract would be completed, and this was done by the employes of Johnson-Sizer Company after November 12, 1930. It is apparent from the evidence that the door was practically completed at that time. There is no evidence that the receiver had any knowledge of any work being done under this contract and very little evidence that the Dollar Title and Trust Company had knowledge of it. Charles S. Flowers, President of the Dollar Title and Trust Company, and sworn in behalf of the exceptants, testified as follows:

"Q. The door was practically complete at that time—at the time the bank closed? A. I think very nearly. There was a little work after. I noticed a little work being done after."

R. E. Matthews, Secretary and Treasurer of the Dollar Title and Trust Company, testified as follows:

"Q. Do you know whether or not the doors were completed at the time of the closing of the bank? A. I believe they were very nearly completed. Q. But there was still some portion of the work yet to be done? A. I can't definitely state, but I remember that there was some little work to be done at the time of the closing of the bank."

We have no difficulty in finding that the work under the contract with the Dollar Title and Trust Company was completed on November 12, 1930, with the exception of some paint on the doors, and there is no evidence that any person connected with the Banking Department had any knowledge of the painting being done on the doors while it was in progress, and it is admitted by the Johnson-Sizer Company that it received no authority from the banking company to perform any work.

Under the classification above recited as set forth in the acts of assembly, where should the claim of the Johnson-Sizer Company be classified. It is not a depositor nor a stockholder, and must, therefore, be classed with the general claimants, where it has been listed by the secretary of banking in his account.

The effort of the claimant to place itself in the category for the preservation of the estate, we think, is without merit. The secretary of banking has the right under the law to spend money for the preservation of the estate where it is deemed necessary so to do, and even then in making such an improvement as has been done here at the expense of $2102, it would have been necessary to have had the approval of the court. In the case before us, the Johnson-Sizer Company elected to do whatever work was done without the knowledge or consent of the secretary of banking or any of his authorized deputies or agents.

The claimant attempts to draw distinction between income from the bank building and other income, setting forth that matters covered by the contract before the court were for the benefit of the building. We are unable to understand how the receiver can take the income from any particular asset of the bank and apply it to particular claims. All income and all funds derived from the sale of assets go into one fund, and the distribution of this fund is gov-

342

erned by law. There can be no distinction as to the sources of income, and the income from distinct assets cannot be segregated or used for specific purposes. It is apparent in this case that the Dollar Title and Trust Company employed the Johnson-Sizer Company to establish new doors at the entrance of the building owned by the Dollar Title and Trust Company, and the work was practically completed when the receiver took possession, and under the contract it was necessary for the claimant to complete the contract, if it was not already completed, in order to have any claim whatever, and the small amount of varnishing or painting done was without the knowledge or consent of the secretary of banking or any of his authorized deputies or agents. We think the secretary of banking has properly listed this claim, and the objection is overruled.

### Order

And now, March 31, 1932, this matter came on to be heard on exception to the first partial account of William D. Gordon, Secretary of Banking, and was argued by counsel; whereupon, after due consideration, the exception is overruled. From W. G. Barker, Mercer, Pa.